UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHEET METAL WORKERS' NATIONAL PENSION
FUND, ET AL.,

                  Plaintiffs,          12-CV-6611

          v.                      **DECISION AND ORDER**

COLLINS AND WALTON PLUMBING AND
HEATING CONTRACTORS, INC., AND
JASON C. CRANE

                  Defendant,
_____

    Plaintiffs, Sheet Metal Workers' National Pension Fund, Sheet Metal Occupational Health Institute Trust, International Training Institute for the Sheet Metal and Air Conditioning Industry, and National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry (collectively, "Plaintiffs"), bring this suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, seeking an accounting and restitution from the Defendants, Collins and Walton Plumbing and Heating Contractors, Inc. ("Collins and Walton") and Jason C. Crane ("Crane"). (Docket No. 1.) Prior to the filing of this lawsuit, Collins and Walton filed for bankruptcy under Chapter 11 of the Bankruptcy Act. (Dubin Dec. ¶ 6.)  Accordingly, pursuant to 11 U.S.C. § 362 (a), this action, and all other judicial proceedings, are stayed pending the resolution of the bankruptcy petition.

    Plaintiffs now seek to sever the claims against the bankrupt corporation, Collins and Walton, from this action, pursuant to

Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), so they may proceed with their claims against Crane, as Crane is not a party to the bankruptcy petition, and therefore, he is not entitled to the protection provided by the automatic stay under 11 U.S.C. § 362 (a). Plaintiffs contend that the claims against Crane as an individual are distinct from those against Collins and Walton and that severing Collins and Walton would facilitate the prompt resolution of the separate claims against Crane.

Rule 21 permits a court, in its discretion, to "sever any claim against a party." Fed. R. Civ. P. 21. Court's consider the following factors when determining whether to sever a claim against a party: "(1) whether the claims [against the parties] arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence." Broadcast Music, Inc. v. Northern Lights, Inc., 555 F.Supp.2d 328, 331 (N.D.N.Y. 2008)(quoting Boston Post Road Medical Imaging, P.C. v. Allstate Ins. Co., No. 03 Civ. 3923, 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004). The Court has considered all of these factors and finds that severance of the claims against Collins and Walton is warranted in this case.

Here, the failure to sever the claims against Collins and Walton would result in the Plaintiffs' inability to pursue their claims against Crane until the bankruptcy stay is lifted, potentially threatening Plaintiffs' ability to collect a judgment against Crane.  As Crane is not protected by the automatic stay pursuant to 11 U.S.C. § 362 (a), the failure to sever the alleged claims against the bankrupt corporation would be unjust, unless it was an indispensable party to this action. Id. (citing Teachers Ins. & Annuity Assoc. of America v. Butler, 803 F.2d 61, 65 (2d Cir.1986); Cashman v. Montefiore Medical Center, 191 B.R. 558, 561 (S.D.N.Y.1996)).

Plaintiffs contend that the claims against Collins and Walton and those against Crane are distinct and that the severance of the claims against Collins and Walton would not impair Crane's ability to defend himself or create the risk of multiple or inconsistent outcomes. (Dubin Dec. ¶¶ 10-19). The claims against Crane, as an individual and the principal owner of Collins and Walton, are based on the Plaintiffs' allegation that Crane was a fiduciary under ERISA because he "exercis[ed] control over assets" of the funds at issue in this lawsuit, and that he breached a fiduciary duty with respect to those assets by retaining them for his own use. (Complaint ¶38-39). Should Crane be found to have breached a fiduciary duty, he would be subject to individual liability under ERISA. 29 U.S.C. § 1104; see also id. § 1109 ("Any person who is

a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach[.]").

The separate claims against Collins and Walton arise out of contractual obligations pursuant to collective bargaining agreements with the Plaintiffs under which Collins and Walton was obligated to make certain contributions to the funds. Under these circumstances, Courts have found that the bankrupt corporation is not an indispensable party to the action against the individual fiduciary and that severance of the claims against the bankrupt corporation is appropriate. See Broadcast Music, 555 F.Supp.2d at 331-332 (citing cases)("Here [the bankrupt corporation] is not an indispensable party, despite the fact that it may be jointly and severally liable..."); Sullivan v. 117 Liberty Street, LLC, No. 12-CV-05066, 2013 WL 2304096, *3 (E.D.N.Y. May 24, 2013)("the statutory language does not suggest that such claims require joining parties other than the multi-employer benefit plans and their trustees who are already in this action.").

Therefore, the Court finds, in its discretion, that severing the claims against Collins and Walton is appropriate. Accordingly, the Court grants Plaintiffs' motion to sever and Plaintiffs may proceed with their claims against Crane.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      <u>  S/ MICHAEL A. TELESCA  </u>
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:     Rochester, New York
           June 17, 2013